IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40917
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIKE ROBERT SALINAS,

Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-96-CR-114-1
- - - - - - - - - -
November 6, 1997

Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant Mike Robert Salinas appeals his guilty-plea conviction and sentence for bank robbery, a violation of 18 U.S.C. § 2113(d). Salinas has not shown that he was subjected to "plain error" with regard to the district court's rejection of a Government recommendation that he be sentenced at the bottom of the applicable Sentencing Guidelines range. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). He

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also has not demonstrated plain error as to his contention that his indictment was invalid because it contained no citations to the Sentencing Guidelines sections under which he might be sentenced. See id.; United States v. Haqmann, 950 F.2d 175, 182 (5th Cir. 1991). Salinas' argument that U.S.S.G. § 5H1.4, p.s. -- which generally prevents a sentencing court from considering a defendant's drug or alcohol dependence as a mitigating factor -- is in conflict with 18 U.S.C. § 3577 (renumbered as § 3661) and 28 U.S.C. § 994 is meritless. See United States v. Vela, 927 F.2d 197, 200 (5th Cir. 1991); United States v. Hatchett, 923 F.2d 369, 374 n.4 (5th Cir. 1991). The district court did not err in determining that Salinas' use of a simulated bomb during the robbery, rather than a real bomb, did not warrant consideration as a mitigating sentencing factor. See United States v. Cooper, 462 F.2d 1343, 1344 (5th Cir. 1972) (simulated bomb used during robbery is still "dangerous weapon" for purposes of 21 U.S.C. § 2113). Salinas' contention that he is entitled to a reversal of his sentence because the Probation Office engages in the "unauthorized practice of law" during presentencing proceedings is frivolous. See FED. R. CRIM. P. 32(b)(6)(B) & (C). Finally, this court lacks jurisdiction to address the district court's denial of Salinas's downward-departure request, because Salinas has not suggested or shown that the district court mistakenly assumed that it lacked the authority to depart downward pursuant to U.S.S.G. § 5K1.12, on the basis of duress.

United States v. Burleson, 22 F.3d 93, 95 (5th Cir. 1994).

AFFIRMED.